UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERONICA SYLVESTER,

    Plaintiff,

v.

FANNIE MAE,

    Defendant.
_____/

Case No. 12-13186

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [2] AND CANCELLING HEARING SCHEDULED FOR OCTOBER 17, 2012**

    This matter comes before the Court on Defendant Federal National Mortgage Association ("Fannie Mae")'s motion to dismiss [2].  It is undisputed that the Mortgaged Property at issue here was foreclosed, sold to Defendant, and the redemption period expired without Plaintiff availing herself of the right to redemption in the foreclosure proceedings.  Plaintiff's complaint seeks to have this Court quiet title to the Mortgaged Property in her favor.  She also seeks money damages in connection with her claims of unjust enrichment, breach of an implied agreement, and violation of Mich. Comp. Laws § 600.3205(c).  (Pl.'s Compl.)

    The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), it is hereby ORDERED that Defendant's motion to dismiss [2] be resolved as submitted, and

the hearing previously scheduled for Defendant's motion on October 17, 2012 is hereby CANCELLED.

Because Plaintiff's complaint fails to state a plausible claim for relief, Defendant's motion to dismiss is GRANTED.

**I.   Facts**

Plaintiff's suit arises out of foreclosure proceedings on residential property located at 1782 Kenmore Drive, Grosse Pointe Woods, Michigan (the "Mortgaged Property").  On March 20, 2008, Plaintiff received a mortgage ("Mortgage") from GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation ("Lender GMAC") in the amount of $136,200 and executed a promissory note agreeing to repay Lender GMAC that amount.  (Def.'s Mot., Ex. A, 3/20/08 Mortgage.)   Subsequently, in late 2011 and early 2012, foreclosure by advertisement proceedings were commenced on the Mortgaged Property pursuant to the Mortgage and Michigan law.  This culminated in a sale of the Mortgaged Property to Defendant Fannie Mae at a sheriff's sale on January 12, 2012.  (Def.'s Mot., Ex. B, Sheriff's Deed on Mortgage Sale.)  Under Michigan law, Plaintiff's statutory right to redeem, or buy back the Mortgaged Property, expired on July 12, 2012.  (*Id.* at 3.)   Plaintiff did not exercise her statutory right to redeem before that right expired.  Rather, Plaintiff filed this lawsuit against Defendant on June 22, 2012 alleging claims of quiet title, unjust enrichment, breach of an implied agreement/specific performance, and violation of Mich. Comp. Laws § 600.3205(c).  (Pl.'s Compl.)[1]

**II.   Motion to Dismiss Standard**

---

[1] Plaintiff's lawsuit was filed in the Wayne County Circuit Court, and Defendant timely removed it here and filed the motion to dismiss now pending before the Court.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the

3

framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

Moreover, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). "A court may also consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336. In addition, documents not attached to the pleadings may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (internal quotation marks and citations omitted).

### III. Analysis

It is well established in Michigan law that, once the six-month redemption period has expired, the former owner's rights in and title to the property are extinguished.

> If the mortgagor does not redeem the property within the requisite period, the purchaser of the sheriff's deed is vested with all the right, title, and interest in the property. In other words, where a plaintiff does not avail herself of the right of redemption in the foreclosure proceedings before the expiration of such right, all of the plaintiff's rights in and to the property are extinguished.

*Awad v. Gen. Mtrs. Acceptance Corp.*, No. 302692, 2012 WL 1415166, at *2 (Mich. Ct. App. Apr. 24, 2012) (internal footnotes, quotation marks and citations omitted). Moreover, Michigan law "does not allow an equitable extension of the period to redeem from a

statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Id.* (internal quotation marks, citations, and footnote omitted).

Here, the Mortgaged Property was sold to Defendant at a sheriff's sale held on January 12, 2012. (Pl.'s Compl., Ex. C, 1/12/12 Sheriff's Deed on Mortgage Sale.) Thus, Plaintiff had until July 12, 2012 to redeem the Mortgaged Property, and she failed to do so. Instead, Plaintiff filed this lawsuit against Defendant on June 22, 2012 alleging claims related to title to the Mortgaged Property, i.e., quiet title, and others related to her allegation that Defendant failed to enter into a loan modification agreement for the Mortgaged Property, i.e., unjust enrichment, breach of an implied agreement/specific performance, and violation of Mich. Comp. Laws § 600.3205(c). (Pl.'s Compl.) Plaintiff's claims are dismissed for the following reasons.

First, that Plaintiff filed her suit before the redemption period expired does nothing to advance her claims. *See Awad*, 2012 WL 1415166 at *3 (quoting *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009), and observing that, under these same circumstances, the plaintiff's suit would not toll the redemption period because it was simply an attempt "to wage a collateral attack on the foreclosure of the property").

Second, as previously stated in this Court's opinion in *Evans v. LNV Corp.*, No. 12-12287 (E.D. Mich. Sept. 13, 2012), because Plaintiff failed to redeem the Mortgaged Property before the statutory redemption period expired, "the foreclosure deed became 'operative' and 'all the right, title, and interest,' in the property vested in Defendant," and Plaintiff's rights in and title to the property were extinguished. *Id.* at *4 (quoting Mich.

Comp. Laws § 600.3236 and citing cases). Thus, Plaintiff cannot state a claim seeking to quiet title in her name.

This Court rejects Plaintiff's argument that her complaint states a claim for fraud or misrepresentation and that these claims would justify an equitable extension of Michigan's six-month redemption period. Plaintiff's fraud-based claims do not satisfy the particularity requirements of Federal Rule of Civil Procedure Rule 9(b). *See id.* at *5 (observing that the plaintiff failed to satisfy the particularity requirements as to his fraud and intentional misrepresentation claims because he failed to allege the time, place, or speaker of the alleged fraudulent statements).

Similar to its decision in *Powers v. Chase Bank USA, Inc.*, No. 12-10814, at *3, 2012 WL 1945474 (E.D. Mich. May 30, 2012) – a lawsuit filed by the same counsel as in this case with remarkably similar allegations -- this Court concludes that Plaintiff's factually unsupported and vague fraud and misrepresentation claims asserted in her complaint (Compl., ¶ 24) are insufficient to warrant an equitable extension of Michigan's six-month redemption period. As in *Powers*, Plaintiff's complaint here asserts that "the actions of the Defendants [sic] were intentionally designed to preclude the Plaintiff from entering into a Loan Modification or negotiate in good faith a settlement in order to keep possession of his [sic] home" (Compl., ¶ 17) and that "Defendants [sic] did undertake to foreclose on the subject property without allowing Plaintiff to Modify the Loan for the subject property." (Compl., ¶ 18.) Similar to the complaint in *Powers*, Plaintiff's complaint here mentions "fraud" and "misrepresentation" only once, i.e., where she asserts that "Plaintiff has a superior claim to the interest in the subject property because of their [sic] Fee Simple Absolute and Unjust Enrichment, Breach of Implied Agreement, Misrepresentation, Fraud,

and Constructive Trust on the part of the Defendants [sic]." (Compl., ¶ 24.) Accordingly, just as in *Powers*, this Court again finds that "[t]his single mention of fraud in a laundry list of allegations is not sufficient to satisfy Plaintiff's burden of 'a clear showing of fraud or irregularity' that is required to toll the redemption period." *Id.*

Plaintiff likewise cannot state a claim for breach of an implied agreement, unjust enrichment, or violation of Mich. Comp. Laws § 600.3205c against Defendant.

First, because Plaintiff's complaint fails to provide specific facts that a promise or commitment to modify her Mortgage Loan exists in a writing signed by Defendant, Plaintiff cannot satisfy Michigan's statute of frauds and thus cannot state a claim for breach of an implied agreement to modify her loan. *See Evans*, 2012 WL 4048880 at *6 (citing cases and Mich. Comp. Laws § 566.132(2)). "'Michigan courts have applied section 566.132(2) in holding that any agreement to modify a loan, waive a loan provision, or to provide any other financial accommodation must be in writing and signed by the [lender].'" *Id.* (quoting *Saxton v. Wells Fargo, N.A.*, No. 12-11670, 2012 WL 3568806, at *6 (E.D. Mich. Aug. 17, 2012)).

Second, because Plaintiff's rights in and title to the Mortgaged Property were extinguished when the statutory redemption period expired and she has not alleged that a promise to modify her Mortgage Loan exists in writing, Plaintiff cannot state a claim for unjust enrichment. *See id.* at *5.

Finally, Plaintiff cannot state a claim for relief for any alleged violation by Defendant of Mich. Comp. Laws 600.3205c with regard to its offer of a loan modification "because the statute does not permit the Court to set aside a completed foreclosure sale." *Benford v.*

7

*CitiMortgage, Inc.*, No. 11-12200, 2011 WL 5525942, at *5 (E.D. Mich. Nov. 14, 2011).

This statute provides, in pertinent part, that:

> If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under subsection (1), and subsection (7) does not apply, the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

Mich. Comp. Laws § 600.3205c(8). "The statute plainly requires the borrower to seek [her] remedy prior to the completion of the foreclosure sale, as it merely converts a proceeding into one of judicial foreclosure." *Id.* Plaintiff did not file her lawsuit until months after the sheriff's sale on January 12, 2012, and "[a] borrower may not challenge a completed foreclosure sale under this statute." *Id.* (citing cases).

**IV. Conclusion**

For the above-stated reasons, Defendant's motion to dismiss is GRANTED, and Plaintiff's case is DISMISSED WITH PREJUDICE.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 3, 2012


I hereby certify that a copy of the foregoing document was served upon counsel of record on October 3, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager